UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEEANN GREISL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-01006-TWP-TAB |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON MOTION FOR REMAND**

This matter is before the Court on Plaintiff Leeann Greisl's ("Ms. Greisl") Motion for Remand (Dkt. 10). Ms. Greisl originally filed her action in the Marion Superior Court, and the action was removed to federal court by Defendant State Farm Mutual Automobile Insurance Company ("State Farm") on the basis of diversity of citizenship. Ms. Greisl has since amended her complaint and certifies that the amount in controversy does not satisfy 28 U.S.C. § 1332(a). For the reasons set forth below, Ms. Greisl's Motion is **DENIED**.

**I. BACKGROUND**

Ms. Greisl was involved in an automobile accident with another vehicle on June 1, 2011. The driver of the other vehicle had an Alfa Insurance insurance policy with a $25,000.00 limit. Ms. Greisl was insured by State Farm, including underinsured motorist coverage with a limit of $100,000.00. The State Farm policy also included medical coverage up to $25,000.00. Ms. Greisl suffered injuries in the accident, requiring surgery, numerous appointments, and future medical care. Ms. Greisl also alleges she was required to turn down a job due to her injury.

Ms. Greisl settled her insurance claim with Alfa Insurance for the policy limit of $25,000.00, which failed to fully compensate her for her injuries. On May 24, 2013, Ms. Greisl

filed a complaint in the Marion Superior Court wherein she alleges that State Farm has refused to fully compensate her under her underinsured motorist coverage.  In her complaint, Ms. Greisl claims she suffered injuries which are permanent and which continue to result in limitation of motion and extreme physical pain and suffering, that she has incurred and will incur in the future reasonable medical expenses for treatment of her injuries and has suffered a permanent impairment of her future earning capacity.  Ms. Greisl further alleges that State Farm breached its implied covenant of good faith and fair dealing by failing to honor the medical payments and underinsured motorist coverage.

State Farm removed this action on June 24, 2013.  In its Notice of Removal, State Farm alleged that in light of Ms. Greisl's claims and outstanding policy limits, there is a reasonable probability that the amount in controversy between Ms. Greisl and State Farm exceeds $75,000.00.  On July 12, 2013, Ms. Greisl amended her complaint in federal court alleging that State Farm is obligated to pay her $75,000.00, but no more, under her policy's underinsured motorist coverage.

## II. **DISCUSSION**

The starting point for determining the amount in controversy is the face of the complaint.  In the case of removal to federal court, the amount in controversy is the "amount required to satisfy the plaintiff's demands in full . . . on the day the suit was removed."  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006).  The party removing the action bears the burden of showing by a preponderance of the evidence that the amount in controversy is met.  *Id.* at 511.  When a state court complaint provides little information about the value of claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence."  *Id.*  A plaintiff can defeat jurisdiction after such a showing only "if it appears to a

legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (internal quotation omitted). However, it is well-settled that "a post-removal amendment to the complaint limiting the plaintiff's claim does not authorize a remand." *Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938).

Here, State Farm's Notice of Removal includes a detailed estimated calculation of the damages based on Ms. Greisl's state court complaint. Specifically, State Farm notes that: (1) the complaint alleged that Ms. Greisl suffered permanent physical injuries, extreme pain and suffering, has incurred medical expenses, will incur future medical expenses, has lost income from employment, and has suffered a permanent impairment of her future earning capacity; (2) the complaint alleged that the State Farm policy had an underinsured motorist coverage limit of $100,000.00 and medical payments coverage of $25,000.00; (3) that Ms. Greisl had settled her claim with Alfa Insurance for $25,000.00; (4) that State Farm had paid medical expenses in the amount of $21,152.17 to Ms. Greisl; (5) the complaint alleged breach of duty to deal in good faith; and (6) that punitive damages are available in Indiana on claims for bad faith. Dkt. 1 at 2–3. Based on this information, State Farm asserts that Ms. Greisl's State Farm policy has a remaining limit of $75,000.00 and remaining medical payments coverage of $3,847.83. This, combined with potential compensatory and punitive damages for a bad faith claim, well exceeds $75,000.00.

In her Motion to Remand, Ms. Greisl directs the Court's attention to her amended complaint, which only alleges the remaining policy limit of $75,000.00 and does not plead breach of good faith. However, in making its determination, the Court may not consider the allegations in the amended complaint, but must look to the moment the case was removed to

federal court. Under this standard, State Farm has met their burden and shown by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.00. Therefore, Ms. Greisl's Motion is **DENIED.**

### III. CONCLUSION

Accordingly, Ms. Greisl's Motion for Remand (Dkt. 10) is **DENIED**. This Court will retain jurisdiction over this matter.

**SO ORDERED.**

Date: 12/16/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Casey Ray Stafford
KIGHTLINGER & GRAY
cstafford@k-glaw.com

John B. Drummy
KIGHTLINGER & GRAY
jdrummy@k-glaw.com

Bryan C. Tisch
YOSHA COOK SHARTZER & TISCH
btisch@yoshalaw.com